IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VITAMINS ONLINE, INC., a Delaware corporation,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>HEARTWISE, INC. an Oregon corporation d/b/a NATUREWISE, and DavidPaul Doyle, individually,<br><br>    Defendants/Counterclaim Plaintiff.<br><br>HEARTWISE, INC. an Oregon corporation d/b/a NATUREWISE,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>NUTRIGOLD, INC., a Delaware corporation, NUTRIGOLD, INC. an expired Utah corporation d/b/a BUYHERBS, and OSMAN KHAN, an individual,<br><br>    Third-Party Defendants. | Miscellaneous CA# _____<br><br>**DECLARATION OF CHAD E. NYDEGGER IN SUPPORT OF VITAMINS ONLINE, INC.'S, NUTRIGOLD, INC'S AND OSMAN KHAN'S MOTION TO QUASH SUBPOENA OF NON-PARTY RICHARD W. MEIROWITZ, ESQ.**<br><br>Pending in the U.S. District Court for the District of Utah, Central Division<br><br>Civil Action No. 2:13-cv-00982-DAK<br><br>Judge Dale A. Kimball<br><br>Demand for Jury Trial<br><br>15 MISC 165<br><br> |

Pursuant to 28 U.S.C. § 1746, I, Chad E. Nydegger, hereby declare as follows:

1.     I am a shareholder with the law firm of Workman Nydegger and counsel for Plaintiff Vitamins Online, Inc. and Third-Party Defendants Nutrigold, Inc. and Osman Khan, in the case captioned *Vitamins Online, Inc. v. Heartwise, Inc. d/b/a Naturewise*, Civil Action No. 2:13-

1

cv-00982-DAK, currently pending in the U.S. District Court for the District of Utah ("the Pending Litigation").

2. I submit this declaration in support of "Vitamins Online, Inc.'s, NutriGold, Inc.'s and Osman Khan's Motion to Quash Subpoena of Non-Party Witness Richard W. Meirowitz, Esq."

3. Attached hereto as Ex. 1 is a true and correct copy of Plaintiff Vitamins Online, Inc.'s "Complaint" filed in the Pending Litigation.

4. Attached hereto as Exhibit 2 is a true and correct copy of "Answer, Counterclaim, and Third-Party Complaint of NatureWise" filed in the Pending Litigation.

5. Attached hereto as Exhibit 3 is a true and correct copy of the "Amended Scheduling Order" in the Pending Litigation.

6. Attached hereto as Exhibit 4 is a true and a correct copy of "Vitamins Online, Inc.'s Responses to Defendant/Counterclaim Plaintiff's Third Set of Interrogatories," which response was served on counsel for Defendant/Counterclaim Plaintiff NatureWise (hereafter "NatureWise") on April 9, 2015 in the Pending Litigation.

7. During a meet and confer that occurred between counsel for the parties on May 15, 2015, counsel for NatureWise indicated that NatureWise was considering deposing Mr. Meirowitz, but would not make a final decision on that matter until it had considered Vitamins Online's responses to NatureWise's Second Set of Requests for Admission, which were not due until May 29, the last day of discovery.

8. As an accommodation to NatureWise, Vitamins Online served its responses to NatureWise's Second Set of Requests for Admission on May 15 to allow counsel for NatureWise to determine whether NatureWise wanted to depose Mr. Meirowitz prior to the close of

discovery. Counsel for Vitamins Online and the Third Party Defendants agreed that they would not object to NatureWise taking the deposition of Mr. Meirowitz after the close of discovery as "untimely so long as the subpoena is served on Mr. Meirowitz prior to the close of discovery on May 29."

9. Attached hereto as Exhibit 5 is a true and correct copy of "Vitamins Online, Inc.'s Response to Defendant/Counterclaim Plaintiff's Second Set of Requests for Admissions," which response was due on May 29, 2015, but as indicated in Paragraph 8 above, was served early on counsel for NatureWise on May 15, 2015 in the Pending Litigation.

10. Attached hereto as Exhibit 6 is a true and correct copy of "Vitamins Online, Inc.'s Privilege Log Pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), which was served on counsel for NatureWise on April 6, 2015 in the Pending Litigation.

11. Attached hereto as Exhibit 7 is a true and correct copy of a May 15, 2015, email from me to counsel for NatureWise memorializing Vitamins Online's and the Third Party Defendants' agreement regarding a deposition of Mr. Meirowitz as indicated in Paragraph 8 above, to which counsel for NatureWise did not respond or indicate that they had a different understanding.

12. Attached hereto as Exhibit 8 is a true and correct copy of "Defendant NatureWise's Amended Notice of Intent to Serve Subpoenas on Third Party," which was served on May 29, 2015.

13. Attached hereto as Exhibit 9 is a true and correct copy of a May 29, 2015, email from me to counsel for NatureWise.

14. Attached hereto as Exhibit 10 is a true and correct copy of the ECF Notification of "RETURN OF SERVICE Executed for Subpoena served on Richard Meirowitz on June 1, 2015, filed by Defendant Heartwise."

15. Attached hereto as Exhibit 11 is a true and correct copy of a June 5, 2015, email exchange between myself and counsel for NatureWise meeting and conferring regarding the Mr. Meirowitz subpoena.

16. Attached hereto as Exhibit 12 is a true and correct copy of "Defendant NatureWise's Notice of Intent to Serve Subpoenas on Third Party," which was served on January 27, 2015.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of June, 2015.

By /s/ Chad Nydegger
CHAD E. NYDEGGER

Attorney for Vitamins Online, Inc., NutriGold, Inc. and Osman Khan

4